UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                            18-cr-048 (LAK)

MICHAEL LUCIANO,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

        Appearances:

                            Michael D. Neff
                            Assistant United States Attorney
                            GEOFFREY BERMAN
                            UNITED STATES ATTORNEY

                            James R. Froccaro, Jr.
                            JAMES R. FROCCARO ATTORNEY AT LAW
                            *Attorney for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        From at least January 2015 through July 2017, defendant and his son, a co-defendant, sold dangerous and addictive narcotics in person and over the internet. This included approximately seventy sales of fentanyl and approximately fifty sales of oxycodone. One of these sales significantly contributed to a customer's non-fatal overdose.

        On August 8, 2018, both defendants pled guilty to conspiring to distribute (1) 10 grams and more of butyryl fentanyl, an analogue of fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, (2) a quantity of mixtures and substances containing fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, and (3) a quantity of mixtures and substances containing

2

oxycodone, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. They were remanded immediately following their plea. On November 27, 2018, this Court sentenced both defendants principally to sixty months' imprisonment, the mandatory minium. Defendant has served approximately twenty-two months of his sentence.

Defendant is a 60 year old man with documented chronic heart failure. In light of the COVID-19 pandemic, he argues that his age and medical condition warrant a compassionate release.

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the Court may modify a term of imprisonment upon a defendant's motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]

A court may grant compassionate release, assuming administrative remedies have been pursued as required, where (1) there are "extraordinary and compelling reasons" warranting a sentence reduction, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a).[2]

The government concedes that defendant has exhausted his administrative remedies and has demonstrated extraordinary and compelling circumstances in light of the risks the COVID-19 presents given his heart condition. It nevertheless opposes defendant's motion for compassionate

---

[1] 18 U.S.C. § 3582(c)(1)(A).

[2] *Id*. § 3582(c)(1)(A)(I).

3

release on the grounds that Section 3553(a) factors weigh against any reduction in sentence.

The Court agrees. Factors such as (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed" to, among other objectives, "reflect the seriousness of the offense" and "provide just punishment for the offense," and, (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"[3] do not "outweigh the 'extraordinary and compelling reasons' warranting compassionate release[.]"[4]

Defendant was convicted of a serious crimes, for which there is a sixty month mandatory minimum. Reducing his sentence to twenty-two months would not adequately reflect the seriousness of his offenses nor provide just punishment. Granting compassionate release where defendant has served only a small portion of his sentence also would disserve the Section 3553(a) factors.[5] Further, defendant and his co-defendant received identical sentences. To reduce

---

[3] 18 U.S.C § 3553(a).

[4] *United States v. Ebbers*, No. 02-cr-1144 (VEC), 2020 WL 91399, at *7 (S.D.N.Y. Jan 8, 2020).

[5] *See, e.g.*, *United States v. Brady*, No. 18-cr-316 (PAC), 2020 WL 2512100, at *4 (S.D.N.Y. May 15, 2020) ("The deterrence objectives of 18 U.S.C. § 3553(a) would be undercut by a reduction here, where [defendant] has served only eight months of a 36-month sentence"); *United States v. Farchione*, No. 17-cr-628 (JPO), 2020 WL 2319291, at *2 (S.D.N.Y. May 11, 2020) (explaining that, although "there is little doubt that [defendant's] age and medical conditions [including heart disease] place him at heightened risk of serious complications if he is infected with COVID-19," Section 3553(a) factors weigh against granting his motion for compassionate release, including that he committed a serious crime and had served only year of his seven year sentence); *United States v. Butler,* No. 19-cr-834 (PAE), 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (denying defendant's motion for compassionate release where defendant served fifteen of his sixty months sentencing, explaining that "[Defendant's] case is far cry from those in which this Court in the past week, given the changed circumstances presented by COVID-19, has ordered or urged the BOP to approve compassionate release for defendants who had served a substantial majority of their

significantly only defendant's sentence would be inconsistent with Section 3553(a). Even considering the extraordinary and compelling circumstances unequivocally present here, the Section 3553(a) factors tip the scale against release.

The Court recognizes the gravity of the circumstances and does not minimize the risk to defendant if he were to contract COVID-19. However, at least for now, the likelihood of infection appears greater if he were to be released to his home in New York City, which until recently was the epicenter of the pandemic. As of the government's June 4, 2020 letter, Lewisburg-USP, where defendant is incarcerated, had no known cases of COVID-19 among its inmates or staff.

Finally, the Court notes that although the present circumstances do not justify granting defendant's motion for compassionate release, he still may pursue a furlough for the duration of the pandemic from the Bureau of Prisons for furlough under 18 U.S.C. § 3622.[6] Unlike a sentence reduction, a furlough is only a temporary release from prison until the circumstances warranting it subside.

[balance of page deliberately blank]

---

sentences.").

[6] Only the Bureau of Prisons may grant such relief. *Farchione*, 2020 WL 2319291, at *2 (citations omitted).

5

For the foregoing reasons, defendant's motion for compassionate release (DI 54) is denied without prejudice to renewal in the event there are material adverse changes to defendant's health or to the circumstances at Lewisburg-USP.

SO ORDERED.

Dated:  June 11, 2020

/s/ Lewis A. Kaplan

_____
Lewis A. Kaplan
United States District Judge